UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Crim. No.: 7:10-cr-0010-GFVT-CJS-1 |
| ) | Related Civil No.: 7:15-cv-07404-GFVT-CJS |
| V. ) | |
| ) | |
| MICHAEL D. LEMAN, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendant/Petitioner. ) | **ORDER** |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Candace J. Smith. [R. 326.] The Defendant, Michael D. Leman, through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 300.] Consistent with local practice, Judge Smith reviewed the motion and ultimately recommends that the Court deny the Defendant's § 2255 motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th

Cir. 1991).

Through his counsel, Defendant Leman filed timely objections to Judge Smith's Recommendation. [R. 333; R. 334.] Some of these objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Leman's objections will be **OVERRULED**.

# I

Judge Smith's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Smith's discussion of the record into this Order.

On April 14, 2010, Mr. Leman was indicted for conspiracy to distribute oxycodone and methadone. [R. 1.] On September 1, 2011, a federal grand jury returned a superseding indictment, charging Mr. Leman, Urgent Care of Philadelphia, and Urgent Care of Cincinnati with conspiracy to distribute oxycodone and methadone, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [R. 85.] The indictment was again superseded [R. 123], and the defendants each pleaded not guilty [R. 128; R. 129; R. 130]. The case proceeded to trial, where the jury found all defendants guilty of all counts. [R. 167.] Mr. Leman was sentenced by this Court to a total of 180 months of imprisonment. [R. 223.] He then appealed his conviction and restitution, which the Sixth Circuit ultimately upheld. [R. 293.]

## II

In his § 2255 Motion, Mr. Leman asserted the four claims based on ineffective assistance of counsel. [R. 300; R. 324 at 1.] He believes his trial attorneys were ineffective for several reasons: (1) failure to inform him that he could be convicted on the basis of being either "knowingly indifferent" or "deliberately ignorant" of the activities at the clinics; (2) failure to review patients' medical records prior to trial; (3) failure to recall employee Tonia Snook after discovering her forgery; and (4) failure to advise Mr. Leman of the appropriate sentencing guidelines. To prevail on a claim of ineffective assistance of counsel, a defendant must prove both deficient performance and prejudice to assert successfully an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442, F.3d 959, 964 (6th Cir. 2006). Judge Smith thoughtfully considered each of Mr. Leman's claims and determined, under *Strickland*, Mr. Leman is not entitled to relief. The Court agrees with Judge Smith's conclusions and now turns to Mr. Leman's specific objections to her Recommendation.

### A

First, Mr. Leman objects to Judge Smith's determination that he is not entitled to an evidentiary hearing. [R. 333 at 1.] Mr. Leman believes that he is entitled to an evidentiary hearing as it relates to any prejudice caused by the performance of his trial counsel in relation to any plea deal offered by the Government. *Id.* at 2. However, the record shows that he rejected the offer by the Government *against the advice of counsel*. [R. 326 at 14.] Though Mr. Leman now claims that he would have been open to a plea agreement, the record shows that he had multiple opportunities to accept an agreement from the Government, but he refused all of them. Because the record conclusively demonstrates Mr. Leman is not entitled to relief, no evidentiary

hearing is necessary. *Amr v. United States*, 280 F. App'x 480, 485 (6th Cir. 2008). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, even after Mr. Leman became aware of the "deliberate ignorance" theory and after he was advised to take a plea deal from the Government, Mr. Leman rejected any such deal. [R. 326 at 14.] Thus, the record clearly contradicts Mr. Leman's statements that he was prejudiced by the assistance of his defense counsel. His objection as to the evidentiary hearing is overruled.

## B

Next, Mr. Leman contends Judge Smith's finding that his claim of ineffective assistance, as it relates to his Sentencing Guidelines, was waived. [R. 333 at 4.] He points to the original § 2255 motion, where he explicitly states that counsel's failure to advise on the implications of the Guidelines. [R. 300 at 8.] Mr. Leman contends that his inclusion of "three ways" was merely a typographical error, not a waiving of the argument. [R. 333 at 4.] Though it might be a typographical error, Mr. Leman never includes analysis on this claim in his Memorandum in Support. [*See* R. 300-1.] He includes only the conclusory statement, "Counsel's failure to advise at any time prior to conviction of the application and implications of U.S. Sentencing Guidelines to my case and that, among other considerations, the Court could accumulate the total quantity of drugs prescribed by others (the doctors) and base a lengthy sentence on that basis," to assert a claim of ineffective assistance. [R. 300 at 8.] Mr. Leman never even explains how he believes this alleged ineffective assistance was prejudicial to him. Arguments not fully briefed are considered in this Court to be abandoned. *United States v. Hough*, 276 F.3d 884, 891 (6th Cir. 2002); *Bickle v. Korean Air Lines Co., Ltd.*, 96 F.3d 151, 154 (6th Cir. 1996).

Even so, Judge Smith considered this claim and dismissed it on the merits, finding no reasonable probability he would have accepted the Government's plea offer, had he been fully informed of the Guidelines. [R. 326 at 17–20.] Mr. Leman did not include a specific objection, or even reference, to this determination, merely reiterating his claim of ineffective assistance. [R. 333 at 4–5.] Accordingly, any objections to Judge Smith's determination that this does not amount to ineffective assistance of counsel under *Strickland* are not sufficiently specific to trigger a *de novo* review. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).

**C**

In his third objection, Mr. Leman makes clear his dissatisfaction with Judge Smith's decisions. He reiterates his argument that his trial lawyers were ineffective because of their failure to perform a review of medical records and their failure to recall Tonia Snook after discovery of her forgery. [R. 333 at 5.] Judge Smith determined the lawyers' decisions "constituted a reasonable judgment on how best to present Leman's case." [R. 326 at 24.] Mr. Leman, in hindsight, may not agree that this was a reasonable strategy [R. 333 at 7], however, his objection fails to identify specific factual or legal issues from the recommendation, and thus, is not a specific objection sufficient to trigger a *de novo* review. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Mr. Leman then filed an addendum to further clarify his position on this objection. [R. 334.] However, in this addendum, Mr. Leman still did not identify specific factual or legal issues from the recommendation. Accordingly, such objection does not warrant a *de novo* review.

**III**

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Smith's thorough analysis of Mr. Leman's claims. The

Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted. Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . ." Rules Governing Section 2255 Proceedings, Rule 11. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the Court believes that this order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Michael D. Leman's Objections to the Recommended Disposition [**R. 333; R 334**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 326**] is **ADOPTED** as and for the Opinion of this Court;

3. The Defendant's Motion to Vacate under § 2255 [**R. 300**] is **DISMISSED WITH PREJUDICE**;

4. A Certificate of Appealability is **DENIED** as to all issues raised by the Defendant; and

5. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the 10th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge